IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHUNNYE DUNLAP                                        :
                   *Plaintiff*,

       v.                                           :

THE AMERICAN LEGION;
AMERICAN LEGION POST 153 HOME           :
ASSOCIATION *d/b/a and a/k/a*                          CIVIL ACTION
GEORGE M. IMHOF POST 153 OF THE                   NO. 20-3771
AMERICAN LEGION OF THE STATE OF        :
PENNSYLVANIA *a/k/a* CLUB 153 *a/k/a*
POST 153; AMBOO INC.; AMERICAN
LEGION DEPARTMENT OF                    :
PENNSYLVANIA, INC.; GEORGE M.
IMHOF POST 153 OF THE AMERICAN
LEGION, STATE OF PA LLC; and, JOHN     :
DOE CORPORATION AND/OR JOHN
DOE(S)  SECURITY GUARDS
                 *Defendants*.            :

**MEMORANDUM**

**Jones, II       J.**                                              **October 19, 2020**

## I.       INTRODUCTION

Plaintiff Shunnye Dunlap ("Plaintiff") commenced this action against Defendants

alleging Dram Shop liability based on a violation of the Pennsylvania Liquor Code. Plaintiff also

brings a claim for negligence and negligent security. Plaintiff filed the instant Motion to Remand

to the Court of Common Pleas of Philadelphia County under 28 U.S.C. § 1447(c), claiming

removal to federal court by Defendant American Legion was procedurally defective because it

violated the Forum Defendant Rule, 28 U.S.C. § 1441(b)(2). For the reasons set forth below,

Plaintiff's Motion shall be granted.

## II.    BACKGROUND

### A.    Factual History

Plaintiff Shunnye Dunlap is an adult individual residing in Columbus, Ohio. (Compl. ¶ 1.) On January 20, 2018, Plaintiff was at the Wheels of Soul club house on 61st and Market Street in Philadelphia, Pennsylvania, where he is a member. (Compl. ¶ 12.) Plaintiff first saw an individual nicknamed "Crazy G" at the Wheels of Soul club house. (Compl. ¶ 12.) Crazy G "was drinking heavily and exhibited signs of intoxication." (Compl. ¶ 12.) Plaintiff and his fiancée moved along with the ongoing party to the American Legion Post 153 on 24th Street between Passyunk Avenue and Oregon Avenue in Philadelphia, Pennsylvania. (Compl. ¶ 13.) American Legion Post 153 was open to the public that night. (Compl. ¶ 13.) Plaintiff and his fiancée were searched for weapons by two security guards before they could enter American Legion Post 153. (Compl. ¶ 14.) Crazy G was already inside and was "visibly intoxicated." (Compl. ¶ 14.) Plaintiff entered the bathroom inside American Legion Post 153 in the early morning hours of Saturday, January 21, 2018 and upon doing so, alleges he was approached by Crazy G, who was already in the bathroom. (Compl. ¶¶ 21-22.) Plaintiff claims Crazy G "shot . . . Plaintiff in the head with a handgun he had on his person" and that Crazy G was "allowed to . . . escape from the premises." (Compl. ¶ 24.)

Plaintiff further alleges that Crazy G continued to be served alcohol despite "exhibit[ing] signs of visible intoxication . . . including but not limited to an altered gait, stumbling bloodshot eyes, slurred speech, smelling of alcohol, and unwanted and violent physical behavior including physically picking up both male and female patrons, forcing other patrons off of barstools, and pushing and shoving other customers in the American Legion Post 153." (Compl. ¶ 17.)

B.      **Procedural History**

On January 21, 2020, Plaintiff commenced suit against Defendants[1] via Writ of Summons in the Court of Common Pleas of Philadelphia County. (Writ of Summons ¶ 1.) Plaintiff filed a Complaint in this matter on May 5, 2020. (Removal Notice Ex. 2.) In said Complaint, Plaintiff asserts a claim for Dram Shop liability based on a violation of the Pennsylvania Liquor Code, as well as a claim for negligence and negligent security. (Compl. ¶¶ 33, 41.) Plaintiff seeks damages "in an amount in excess of $50,000, plus interest, costs, attorney fees, and any other relief deemed appropriate by the court[,]" (Compl. *Ad Damnum Clauses*, ECF No. 1-2 at 14, 17.) On August 3, 2020, Defendant American Legion filed a Notice of Removal to this Court. (Removal Notice ¶¶ 1-14; 28 U.S.C. § 1332(a)).

Presently before the court is Plaintiff's Motion to Remand to the Court of Common Pleas of Philadelphia County on grounds that the removal was procedurally defective, since it violated the Forum Defendant Rule codified at 28 U.S.C. § 1441(b)(2). (Pl.'s Mot. Remand ¶¶ 1, 18.) This Court's analysis of same follows.

---

[1] Defendants in this matter are: (1) American Legion Post 153 Home Association ("American Legion Post 153"), a business entity located and headquartered in Philadelphia, Pennsylvania; (2) George H. Imhof Post 153 of the American Legion, State of PA, LLC ("George H. Imhof Post 153"), a business entity located and headquartered in Philadelphia, Pennsylvania; (3) The American Legion of Pennsylvania, Inc. ("American Legion of PA"), a business entity located and headquartered in Wormleysburg, Pennsylvania; (4) The American Legion ("American Legion"), a business entity located and headquartered in Indianapolis, Indiana; (5) Amboo, Inc. a business entity located in Philadelphia, Pennsylvania and headquartered in Fair Oaks Ranch, Texas; and, (6) John Doe Corporation and/or John Doe(s) Security Guards, organized and existing under the laws of the Commonwealth of Pennsylvania, which provided contracted security guards to the American Legion Post 153. (Compl. ¶¶ 2-7).

### III.    STANDARD OF REVIEW

"Except as otherwise expressly provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Corporations are citizens of their State or State(s) of incorporation and the State where its principal place of business is located. 28 U.S.C. § 1332(c)(1).

Diversity jurisdiction requires "complete diversity of citizenship between plaintiffs and defendants." *Ayala-Castro v. GlaxoSmithKline (In re Avandia Mktg.)*, 624 F. Supp. 2d 396, 409 (E.D. Pa. 2009). Removal of an action founded on diversity jurisdiction is prohibited by 28 U.S.C. § 1441(b) if any "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. This restriction is known as the 'Forum Defendant Rule.'" *Id.* Under 28 U.S.C. § 1447(c), a plaintiff may remand an action to state court if removal was procedurally defective. *Snider v. Sterling Airways, Inc.*, No. 12-3054, 2013 U.S. Dist. LEXIS 5750, at *1 (E.D. Pa. Jan. 15, 2013). "A removal is procedurally defective if, *inter alia*, it violates the Forum Defendant Rule." *Swindell-Filiaggi v. CSX Corp.*, 922 F. Supp. 2d 514, 517 (E.D. Pa. 2013). "In a situation in which a plaintiff has not properly served the forum defendant(s), a defendant may remove the case to federal court without violating the Forum Defendant Rule." *McLaughlin v. Bayer Essure, Inc.*, No. 14-7315, 2019 U.S. Dist. LEXIS 88213, at *9 (E.D. Pa. May 24, 2019) (citing *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 152 (3d Cir. 2018)).

The Forum Defendant Rule is analyzed considering both the premise for diversity jurisdiction, which is to avoid prejudice toward out of state defendants, and the underlying motivation of Congress in § 1441(b) to restrict federal jurisdiction. *Ayala-Castro*, 624 F. Supp. 2d at 399. The rule's "properly joined and served" requirement "ensures that a plaintiff cannot thwart a foreign defendant's ability to remove the action simply by naming a forum defendant which the plaintiff has no intention of actually serving and pursuing in litigation." *Id.*

Furthermore, "the party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citing *Packard v. Provident National Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## IV.  DISCUSSION

Because Defendant American Legion removed this case to federal court, it bears the burden of establishing jurisdiction. *Samuel-Bassett*, 357 F.3d at 396. Defendant American Legion is a federally chartered corporation under 36 U.S.C. §21701, *et seq.* with a principal place of business located at 700 N. Pennsylvania Street, Indianapolis, Indiana. (Removal Notice ¶ 7.) Plaintiff is a citizen of Ohio. (Compl. ¶ 1.) As noted above, Plaintiff seeks damages "in an amount in excess of $50,000, plus interest, costs, attorney fees, and any other relief deemed appropriate by the court[,]" (Compl. *Ad Damnum Clauses*, ECF No. 1-2 at 14, 17.)  Defendant American Legion claims the amount in controversy is "in excess of $75,000." (Removal Notice ¶ 11.) Consequently, diversity jurisdiction exists.[2]

---

[2] Defendant American Legion, the only non-forum defendant, claims there is diversity

Plaintiff contends that because Defendants American Legion Post 153, George H. Imhof Post 153, and American Legion of PA are citizens of Pennsylvania and were served with Plaintiff's Complaint before Defendant American Legion was served, the Removal violated the Forum Defendant Rule, "since a number Pennsylvania citizens who are forum-defendants (i.e., the Philadelphia Defendants and American Legion of PA) had already been properly joined and served." (Pl.'s Mot. Remand ¶ 12.) A discussion of whether the forum defendants were actually "properly joined and served" follows.

### A.    Service of the Writ of Summons and the Complaint

In Pennsylvania, a case may be commenced by filing either a Praecipe for a Writ of Summons or a Complaint. Pa. R. Civ. P. 1007. Although an action may be commenced by Writ of Summons, the Third Circuit has held that it is nonetheless the defendant's receipt of the Complaint that triggers the 30-day removal period in 28 U.S.C. § 1446(b). *Car Sense, Inc. v. Signet Fin. Grp., Inc.*, Civ. A. No. 12-2512, 2012 U.S. Dist. LEXIS 200765, at *2 (E.D. Pa. July 9, 2012) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 221-23 (3d Cir. 2005)). If service of the Writ of Summons was sufficient to satisfy the "properly joined and served" requirement of the Forum Defendant Rule in 28 U.S.C. § 1441(b), it "would frustrate Congress's intent to provide for the 'uniform operation [of the removal statutes] across the nation,' because some forum defendants would be considered 'properly joined and served' (and thus prohibited from

---

jurisdiction. (Removal Notice ¶ 11.) Plaintiff does not expressly agree or deny there is diversity jurisdiction. Instead, Plaintiff claims Defendant American Legion violated the Forum Defendant Rule by removing this action to federal court, acknowledging the Rule provides that a civil action "*otherwise removable solely on the basis of diversity jurisdiction* [emphasis added] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). (Pl.'s Mot. Remand ¶ 18.) Consequently, Plaintiff implicitly agrees that diversity jurisdiction exists because diversity jurisdiction is the predicate to the Forum Defendant Rule violation Plaintiff alleges.

removing) prior to even knowing the nature of the suit against them while others would not be considered joined and served (and thus prohibited from removing) until they received a Complaint setting forth the precise claims against them." *Sikirica*, 416 F.3d at 223 (citing *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 351 (1999)); *see also Parker Hannifin Corp. v. Fed. Ins. Co.*, 23 F. Supp. 3d 588, 592-93 (W.D. Pa. 2014) ("To accept [the] argument that 'properly . . . served' means proper service of a complaint *or* writ of summons, would encourage variety across the nation and would not encourage Congress' intent of uniform application of removal statutes." (second alteration in original)).

Plaintiff claims the Writ of Summons was personally served on American Legion Post 153, George H. Imhof Post 153, and American Legion of PA. (Pl.'s Mot. Remand ¶¶ 6-7.) American Legion was served with the Writ of Summons via certified mail. (Pl.'s Mot. Remand ¶ 8.) As noted in *Car Sense*, it is the defendant's receipt of the Complaint that triggers the 30-day removal period. Plaintiff does not contend that the Writ of Summons is sufficient to satisfy the "properly joined and served" requirement of the Forum Defendant Rule in 28 U.S.C. § 1441(b). However, Plaintiff contends that service of the Complaint was complete once it was mailed to the forum Defendants on July 10, 2020, therefore all forum Defendants were "properly joined and served" before Defendant American Legion filed the Notice of Removal on August 3, 2020. (Pl.'s Mot. Remand ¶ 29.)

Plaintiff's contention is supported by Pa. R. Civ. P. 440(b). Original process, whether by Writ of Summons or a Complaint, must be carried out by personal service. Pa. R. Civ. P. 402(a). A Plaintiff may serve original process via mail when a Defendant is located outside the Commonwealth of Pennsylvania. Pa. R. Civ. P. 404. Here, Plaintiff initiated the instant action through a Writ of Summons which was personally served upon the Pennsylvania Defendants on

January 24, 2020 (Philadelphia Defendants) and February 21, 2020 (Defendant American Legion of PA).  (Pl.'s Mot. Remand ¶¶ 6-7.)  Original process[3] [in the form of a Writ of Summons] was appropriately mailed to American Legion, the only out-of-state Defendant, [on February 12, 2020.]. (Pl.'s Mot. Remand ¶ 8.)  "Service by mail of legal papers other than original process is complete upon mailing." Pa. R. Civ. P. 440(b). Therefore, service of the Complaint was complete upon Plaintiff's mailing of the Complaint to each Defendant. Accordingly, Plaintiff is correct to contend that the Pennsylvania Defendants were "properly joined and served" in accordance with the July 10, 2020 mailing of the Complaint. (Pl.'s Mot. Remand ¶¶ 10, 29.)

### B. "Properly Joined and Served"

Defendant American Legion contends that service of the Complaint to Defendant American Legion of PA was incomplete due to a mail delivery technicality and as such, Defendant American Legion of PA was not "properly joined and served." Therefore, Defendant believes there was no violation of the Forum Defendant Rule and removal is not improper. (Def.'s Resp. Pl.'s Mot. Remand.)

Specifically, the mail delivery issue hinges on the United States Postal Service's ("USPS") delivery tracking system. Plaintiff claims the Complaint was served upon American Legion of PA via Certified Mail on July 20, 2020. (Pl.'s Mot. Remand Ex. G.) Exhibit G depicts a screenshot of USPS's delivery tracking system. (Pl.'s Mot. Remand Ex. G.) This screenshot also shows that the Complaint was delivered simply to "LEMOYNE, PA 17043." (Pl.'s Mot.

---

[3] "[A] summons traditionally is a document afforded special weight due to its role in the formal initiation of both civil and criminal proceedings. *See, e.g., Black's Law Dictionary* 1665 (10th ed. 2014) (defining summons as a 'writ or process commencing the plaintiff's action and requiring the defendant to appear and answer'); *Ballentine's Law Dictionary* 1238 (3d ed. 1969) (*defining summons as 'original process* upon a proper service of which an action is commenced and the defendant therein named brought within the jurisdiction of the court')."  *United States v. Merlino*, 785 F.3d 79, 86 (3d Cir. 2015) (emphasis added).

Remand Ex. G.) Defendant American Legion argues that because the screenshot does not show the full street address of "American Legion Department of Pennsylvania, Inc." in Wormleysburg, Pennsylvania, meaning the same address at which the Writ of Summons was served by the Sheriff, Defendant American Legion of PA was not "properly joined and served." (Def.'s Resp. Pl.'s Mot. Remand.) Furthermore, Defendant American Legion points to Plaintiff's own admission that "the Philadelphia Defendants have heretofore not accepted the certified mailing of Plaintiff's complaint (perhaps due to coronavirus-based complications)." (Pl.'s Mot. Remand ¶ 11.) Still, Defendant American Legion purportedly accepted service of the Complaint via Certified Mail on July 17, 2020. (Pl.'s Mot. Remand ¶ 11.)

Regardless, Plaintiff's service of the Complaint should be considered complete. Again, "service by mail of legal papers other than original process is complete *upon mailing*" [emphasis added]. Pa. R.C.P. No. 440. How USPS classifies delivery zip codes or deals with pandemic-related delivery issues cannot be used to a plaintiff's detriment when construing the removal statute.

Moreover, assuming *arguendo* there is a question of service regarding the aforementioned forum Defendants, Defendant American Legion does not contest that it was properly served. The relationship between American Legion and American Legion of PA is like a parent-subsidiary relationship. The American Legion was chartered and incorporated by Congress in 1919. 36 U.S.C. §21701, *et seq.* The American Legion corporation consists of numerous regional posts, which are grouped by "District," and then "Department." *Departments*, The American Legion (Sept. 23, 2020), https://www.legion.org/departments. "Department" is the highest-level subgroup under the "parent" corporation. *Id.; Urban v. Am. Legion Dep't,* 723 N.W.2d 1, 3 (Minn. 2006) (explaining the American Legion corporate structure such that

"pursuant to [the] grant of power [in 36 U.S.C. § 21704], National [American Legion] has adopted its own constitution and bylaws and has created state chapters (the departments) in each state and in various other locations (55 departments altogether). Within each state, groups of Legion members may create 'posts,' which are local chapters of the American Legion."). Departments serve as an intermediary between Defendant American Legion and the various posts that are local chapters. *Id.* at 6 ("The Officer's Guide also sets out the very limited relationship between the posts and national headquarters: 'Practically all of your contacts with National Headquarters are rightfully carried through your department headquarters.'").

Defendant American Legion of PA is one such "Department" and, as such, is in a subsidiary relationship with Defendant American Legion. Service on a parent corporation is sufficient as to its subsidiary, and service on a subsidiary is sufficient as to its parent, if one corporation acts as the agent for the other. *See Grieb v. JNP Foods, Inc.*, No. 15-1575, 2016 U.S. Dist. LEXIS 63951, at *12-14 (E.D. Pa. May 13, 2016) (referencing James WM. Moore, et al., Moore's Federal Practice ¶ 4.53[2][c]; *Akzona, Inc. v. E.I. Du Pont De Nemours & Co.*, 607 F. Supp. 227, 237 (D. Del. 1984)).

Because Defendant American Legion, the parent corporation of Defendant American Legion of PA, received and accepted service of both the Writ of Summons and the Complaint, and because service of the Complaint to all Defendants was complete upon mailing, Defendant American Legion violated the Forum Defendant Rule when it filed its Notice of Removal. *See Porter v. Pfizer, Inc. (In re Zoloft Sertraline Hydrochloride Prods. Liab. Litig.),* Civil Action No. 12-3960, 2014 U.S. Dist. LEXIS 73676, at *3 (noting that "[a]lthough there was compete diversity of citizenship pursuant to 28 U.S.C. § 1332(a), the removal statute provided that a diversity case 'shall be removable only if none of the parties in interest properly joined and

10

served as defendants is a citizen of the State in which such action is brought.'") (citing 28 U.S.C.

§ 1441(b)(2)).  Accordingly, the removal in this case was procedurally defective.

**V.**     **CONCLUSION**

    For the reasons set forth above, Plaintiff's Motion for Remand shall be granted.

    An appropriate Order follows.


                              BY THE COURT:


                               /s/ C. Darnell Jones, II    J.